Welch J.
1. The first question is upon the sufficiency of the original petition. Counsel for plaintiff in error insist that it is bad as to him, because it shows that whatever he did was done by him as the employee of McCammon, and that the rule respondeat superior applies. It will be seen, however, that it is not alleged that the wrongful acts complained of were done by Hoffman and McGrew, as such employees, or under the direction or control of McCammon, or in the prosecution of said business or employment. The petition, it is true, states that the relation of employer and employees existed between the parties: but this allegation is mere surplusage. There is a good petition without it. For the petition, after stating this relation, proceeds, in general and independent terms, to charge, that “ the defendants caused the materials,” etc., and “ wrong *215 fully obstructed the gutter,” etc. There is nothing in the petition, to show that the wrongful acts complained of were within the scope of Hoffman’s alleged employment. His demurrer was, therefore, properly overruled.
2. Did the court err in refusing the motion of Hoffman for judgment upon the pleadings ? In other words, was the plaintiff in default for want of a reply to Hoffman’s answer?
The petition charges Hoffman with wrongfully obstructing the street, to the plaintiff’s injury. Hoffman answers, that he is not guilty — and that MeGrew alone is guilty. Is this latter branch of his answer a plea in confession and avoidance ? Is it new matter in bar, requiring a reply ? The question need hardly be seriously considered. The answer requires no reply for at least two good reasons: 1. It is a mere special denial. It is a denial, because to say MeGrew alone is guilty, is to say that Hoffman is not guilty. 2. The new matter is immaterial. Eor if Hoffman is not guilty, as he answers that he is not, that is the end of his case, and it is useless to inquire who else is guilty.
8. The third ground relied upon is the refusal of a new trial.
The trouble here is, that the plaintiff has not brought his case within the provisions of the statute. It is only where the motion for a new trial is made upon the ground that the verdict or finding is “ against the law or the evidence,” that the refusal of a new trial can be assigned as error. S. & 0. Stat. 1155, sec. 693. This is the plain reading of the statute, and the point was expressly decided in Westfall v. Dungan et al., 14 Ohio St. Rep. 213. The plaintiff having assigned no reasons or grounds in his motion, the question whether he was entitled to such new trial can not now be considered, and we are bound to presume the truth of the findings of the court, so far as there was evidence in the case tending to prove them.
4. The remaining ground of error assigned is that the court-rendered judgment against Hoffman, when it should have been rendered in his favor.
*216 The evidence in the case tends to show nothing upon which a finding and judgment against Hoffman can be based, except his act of opening the sidewalk, That act is not directly charged in the petition. Thé petition charges obstruction only. Can the judgment against Hoffman be supported on the ground that the evidence tends to show that his act of opening the sidewalk was, in whole or in part, the proximate cause of the mischief?
But for the obstruction of the gutter by the brick, the opening in the sidewalk would have worked no mischief; and but for the opening in the sidewalk, the water, though dammed in the gutter, would have sought some other outlet, and done no damage. The injury was occasioned by the concurrent acts of opening the sidewalk and obstructing the gutter. We think the evidence clearly tends to show this; and that it as clearly tends to show, that no other act of Hoffman, than the act of opening the sidewalk, could have been the proximate cause of the mischief, and if the evidence shows that this act of Hoffman was, in whole or in part, the cause of the injury, there was surely evidence before the court tending to show that it was a wrongful or a careless act.
It is true the petition charges, in general terms, that the defendants “were guilty of negligence,” and that “in other respects they violated their permit.” But it does not tell us what the “permit” was, how it was violated, or of what other carelessness the defendants were guilty. There is no language in the petition that technically, or even substantially, describes this act of opening the sidewalk. The question is, then, did the court err in admitting and considering this evidence, and in basing their finding and judgment upon it ?
Evidence of the act of opening the pavement was offered by both parties, and without objection. Indeed, it consisted mainly of the testimony of Hoffman himself. It was perhaps impracticable -to prove the case made in the petition, without also showing this fact. Being thus in, as a part of the history of the case and description of the premises, and no motion made to exclude it, or to amend the pleadings, can it now *217 be made tbe legal basis to sustain tbe finding and judgment of the co'urt ? If if can not, the judgment ought' to be reversed.
The code provides :'
“ Sec. 131. No variance between the allegation in a pleading and the proof, is to be deemed material, unless it have actually misled the adverse party to his prejudice, in maintaining his action or defense upon the merits. Whenever it is alleged that the party has been so misled, that fact must be proved to the satisfaction of the court, and it must also be shown in what respect he has been misled; and thereupon the court may order the pleading to be amended upon such terms as may be just.”
Section 132 provides, that the court may, in such case, “ direct the fact to be found, according to the evidence.”
Section 133 provides, that the above provisions do not apply to cases where the proof fails, not merely in “ some particular or particulars,” but in its “ general scope and meaning.” ■ •
Section 114 provides that the allegations of pleadings “ shall be liberally construed, with a view to substantial justice between the parties.”
The case is within the spirit and meaning of sections 131 and 132 of the code. It is a case of “ variance” such as is ■ contemplated in these sections, and not a case of “ failure of proof,” within the meaning of section 133. The “real controversy” was, whether the defendant had wrongfully caused the water to flow into the plaintiff’s cellar. The petition alleges that he had, and the answer denies the charge. True, the petition avers the means by which this was done, to have been the obstruction of the street by the defendant; and the evidence shows that it was effected by removing the pavement, and thereby rendering an obstruction of the street effectual for mischief. Strictly, this was not an obstruction; but without it the actual obstruction would have been harmless. A “liberal” reading of the pleadings, giving to their language its ordinary and popular sense, as the code seems to *218 require, would be that they intended to put in issue the general fact, of wrongfully causing the water to flow into the cellar. The parties must have so understood them; for they came to the trial prepared with proof to that extent, and mutually introduced it without objection from either. The variation between the pleading and the proof is merely technical. Indeed it does not seem any greater* variation than was allowed, before the code, in Hogg v. Zanesville Canal Manufacturing Company, 5 Ohio Rep. 410. The fact that no objection was made to the introduction of the testimony, sufficiently' distinguishes the present case from that of Hill v. The Supervisor, etc., 10 Ohio St. Rep. 621; but the cases are also widely different as to the nature of the variations.
The evident object of the code is to vest in the court a discretion, where it can be done without surprise or injury, to try the case upon the evidence, outside of the pleadings, and if objection be made, to allow the pleadings to be conformed to the evidence, at once and without terms. When a trial is so had, without objection, we are only carrying out the spirit of the code, by refusing to reverse the proceedings on account of the variance. Had this evidence been objected to when offered, it is quite apparent that the plaintiff would have asked and obtained unconditional leave to amend. To allow the defendant, after he has suffered the evidence to go to the jury without objection, to reverse the judgment on that account, would be manifestly unjust to the other party.
The judgment of the district court is affirmed.
Biunkerhoee, C.J., and Scott and White, JJ., concurred.